**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 7 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE GUADALUPE MORA REINAGA, | No.  15-73411 |
| Petitioner, | Agency No. A088-890-772 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submission Deferred November 3, 2020
Submitted May 6, 2021**
San Francisco, California

Before:  NGUYEN, HURWITZ, and BRESS, Circuit Judges.

Jose Guadalupe Mora Reinaga, a citizen of Mexico subject to a reinstated

order of removal, petitions for review of a final order of an immigration judge

("IJ") concurring with an asylum officer's negative reasonable fear determination

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 8 C.F.R. § 1208.31. He argues that the limited reasonable fear procedure outlined in 8 C.F.R. § 1208.31 violates due process and that, even if the procedure is valid, the IJ's decision violated due process, was based on legal errors, and was not supported by substantial evidence. We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

1. Mora Reinaga's constitutional challenge to the limited reasonable fear screening procedure created by 8 C.F.R. § 1208.31 is foreclosed by *Alvarado-Herrera v. Garland*, —F.3d—, 2021 WL 1378531 (9th Cir. Apr. 13, 2021), which addressed an identical argument and held that the limited screening procedure is entitled to deference. *Id.* at *6–7.[1]

2. The IJ did not commit legal error by excluding the oral testimony of Dr. Thomas Boerman from the review hearing and doing so violated neither due process nor the Convention Against Torture ("CAT") and its implementing regulations. The IJ's task was to review the asylum officer's determination, not to provide a full hearing or take new evidence. *See Alvarado-Herrera*, 2021 WL 1378531, at *7 ("[T]he immigration judge . . . review[s] the written record prepared by the first-instance decision-maker (the asylum officer)."). The statute, regulation, and CAT operating procedures do not require the IJ to allow expert

---

[1] The government's motion to strike unauthorized briefing [ECF No. 99] from Mora Reinaga's status report [ECF No. 98] is granted.

2

testimony. *See* 8 U.S.C. §§ 1231(b)(3)(A), (C); 8 C.F.R. § 1208.31(g); Exec. Off. of Immigr. Rev., Off. of the Chief Immigr. Judge, Operating Policies and Procedures Memorandum No. 99-5: Implementation of Article 3 of the UN Convention Against Torture at 7–8 (May 14, 1999).[2] The IJ appropriately considered Dr. Boerman's expert report, which was in the record before the asylum officer. The regulations upon which Mora Reinaga relies only apply once an applicant passes the limited screening and is given a full hearing. *See* 8 C.F.R. §§ 1208.16(c)(3), 1208.31(e), (g)(2)(i). Mora Reinaga was still in the limited screening stage.

3.  The IJ's written and oral determinations, although succinct, provide the "minimum degree of clarity in dispositive reasoning and in the treatment of a properly raised argument" that we require. *She v. Holder*, 629 F.3d 958, 963 (9th Cir. 2010), *superseded by statute on other grounds as stated in Dai v. Sessions*, 884 F.3d 858, 868 n.8 (9th Cir. 2018); *see also Rodriguez-Matamoros v. I.N.S.*, 86 F.3d 158, 160 (9th Cir. 1996) ("[A]ll that is necessary is a decision that sets out terms sufficient to enable us as a reviewing court to see that the Board has heard, considered, and decided.") (quotation omitted).

---

[2] *Available at* https://www.justice.gov/sites/default/files/eoir/legacy/1999/06/01/99_5.pdf.

4. The IJ properly took all of Mora Reinaga's country conditions evidence into account and did not misstate or mischaracterize Mora Reinaga's argument. To the contrary, the IJ made clear that the actions of Mexican police, who approached Mora Reinaga immediately after he was first removed to Mexico, did not constitute torture or persecution.

5. Substantial evidence supports the determination that Mora Reinaga failed to establish a well-founded fear of persecution on account of membership in a cognizable social group or his political opinion. Even assuming that Mora Reinaga's proposed groups are cognizable, nothing in the record compels the conclusion that he would be targeted on the basis of membership in one of these groups, or that the cartels, the government, or Mora Reinaga's mother's boyfriend would be aware of, or target Mora Reinaga on the basis of, his anti-corruption opinion.

6. Substantial evidence supports the determination that Mora Reinaga had not shown eligibility for CAT relief. To qualify for CAT relief, Mora Reinaga must "establish that it is more likely than not that [he] would be tortured if returned to Mexico." *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam). This torture must be "inflicted by or at the instigation of or with the consent or acquiescence of a public official." 8 C.F.R. § 208.18(a)(1). Mora Reinaga has not experienced past torture. Nor has he put forward evidence that

4

would compel the conclusion that the government of Mexico or private actors with government consent or acquiescence would torture him.

**PETITION DENIED.**